UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDWARD J. TOSCANO, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. 4:14-CV-2680 |
| UNITED PARCEL SERVICE, | § |
| Defendant. | § |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. No. 27.) Defendant seeks dismissal of Plaintiff's race, color, national origin, and age discrimination and retaliation claims. For the reasons stated herein, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff filed the instant suit on September 17, 2014. (Complaint, Doc. No. 1.) Defendant filed a Partial Motion to Dismiss (Doc. No. 4), on which the Court held a hearing January 29, 2015. In that prior Motion, Defendant argued that Plaintiff had failed to exhaust his administrative remedies with regard to claims for race and color discrimination and retaliation. Plaintiff responded that he had not known the facts supporting his claims for race and color discrimination and retaliation when he filed his initial Charge of Discrimination with the EEOC, and thereafter filed a subsequent Charge of Discrimination. (Doc. No. 17.) However, Plaintiff received a Dismissal and Notice of Rights in response to his subsequent Charge, which stated that the EEOC would close its file on the second Charge because it was not timely filed. (Doc.

1

No. 17-1 at 2.)  In response to Defendant's Partial Motion to Dismiss, the Court allowed Plaintiff the opportunity to amend his Complaint to allege facts that would support equitable tolling of the time limit for filing a Charge with the EEOC with regard to his race and color discrimination and retaliation claims.

## II.     LEGAL STANDARD

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S at 556).  The plausibility standard "is not akin to a 'probability requirement,'" though it does require more than a "sheer possibility" that a defendant has acted unlawfully. *Id.*

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.  The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal,* 556 U.S. at 678 (citation omitted).  The court should not "strain to find inferences favorable to the plaintiffs" or "accept 'conclusory allegations, unwarranted deductions, or legal

conclusions.'" *R2 Investments LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 361 (5th Cir. 2004)). The court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 376 (5th Cir.2004).

### III. ANALYSIS

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378–79 (5th Cir.2002) (citing *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788–89 (5th Cir. 1996)). In states like Texas, which have an agency with the authority to grant or seek relief relating to unlawful employment practices, the plaintiff must file the charge of discrimination no later than 300 days after the act of discrimination occurred. *Hixson v. Houston Indep. Sch. Dist.*, No. 4:09-CV-3949, 2011 WL 1655581, at *3 (S.D. Tex. May 2, 2011) (Ellison, J.). *See also* 29 U.S.C. § 626(d)(1)(B); *Julian v. City of Houston,* 314 F.3d 721, 725-26 (5th Cir.2002). Plaintiffs must exhaust each alleged Title VII violation. *Taylor v. Texas S. Univ.*, No. 4:12-CV-01975, 2013 WL 5410073, at *4 (S.D. Tex. Sept. 25, 2013) (Ellison, J.) *aff'd,* 569 F. App'x 193 (5th Cir. 2014).

"For the purpose of Title VII exhaustion, filing deadlines are akin to statutes of limitation, and dismissal under Rule 12(b)(6) is appropriate 'where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" *Garrison v. Texas S. Univ.*, No. CIV.A. H-11-2368, 2011 WL 4457374, at *4 (S.D. Tex. Sept. 21, 2011) (Ellison, J.) (quoting *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th

3

Cir.2003)).  Thus, dismissal is appropriate here if (1) it is evident from Plaintiff's Amended Complaint that he did not file a Charge of Discrimination within the prescribed time frame, and (2) his Amended Complaint does not present a basis for an exception such as equitable tolling. *Id.*

According to Plaintiff's Complaint, he filed two separate Charges of Discrimination with the EEOC.  The first of these Charges, filed April 26, 2010, was timely; the second Charge, filed December 30, 2014, was not timely.  The timely-filed Charge alleged discrimination and retaliation based on disability, claims that are not addressed by Defendant's Partial Motion to Dismiss.  However, the remainder of Plaintiff's claims – discrimination and retaliation based on race, color, national origin, and age – were addressed only in the Charge that was filed outside of the 300-day window for timely filing.  Those untimely claims must be dismissed unless Plaintiff's Amended Complaint raises some basis for an exception to the administrative exhaustion requirement.

Like a statute of limitations, the time limit for filing a charge of discrimination with the EEOC is subject to waiver, estoppel, and equitable tolling.  *Garrison*, 2011 WL 4457374, at *3 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  Plaintiff has argued that equitable tolling should be applied to allow his claims to proceed.  (Doc. No. 29.)  Equitable tolling "is a narrow exception" to "be applied sparingly." *Phillips v. Leggett & Platt, Inc.,* 658 F.3d 452, 457 (5th Cir. 2011) (internal quotation marks omitted).  The employee has the burden of demonstrating entitlement to equitable tolling.  *Id.* at 458.  The Fifth Circuit recognizes three general grounds for equitable tolling in this context: "(1) a pending action between parties in the wrong forum; (2) the plaintiff's unawareness of the facts supporting his claim because defendant intentionally concealed them; and (3) the EEOC's misleading the plaintiff about his rights." *Id.*

at 457; *see also Branch v. CEMEX, Inc.*, No. CIV.A. H-11-1953, 2012 WL 2357280, at *10 (S.D. Tex. June 20, 2012) (Rosenthal, J.) *aff'd*, 517 F. App'x 276 (5th Cir. 2013).

Plaintiff has not pled facts sufficient for his claims of discrimination and retaliation based on race, color, national origin, and age to fall within the grounds the Fifth Circuit recognizes for equitable tolling. There is no other pending action between the parties, and Plaintiff has not alleged that either the Defendant or the EEOC misled him or concealed any facts. Plaintiff's claims for discrimination and retaliation based on race, color, national original, and age must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss (Doc. No. 27) is **GRANTED**. Plaintiff's claims for discrimination and retaliation based on race, color, national origin, and age are **DISMISSED**. The Court notes that Plaintiff's claims for discrimination and retaliation based on disability remain.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 28th day of April, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE